**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 12, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DANIEL RAY DACE,

      Defendant - Appellant.

No. 17-1238
(D.C. No. 1:16-CR-00383-RBJ-1)
(D. Colorado)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

Defendant Daniel Ray Dace pleaded guilty to two counts of possession of a

firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2)

("Count One" and "Count Four"), one count of possession with intent to distribute

five grams or more of actual methamphetamine or fifty grams or more of a substance

or mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1),

(b)(1)(B)(viii) ("Count Two"), and one count of possession of a firearm during and in

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Three"). The district court sentenced Mr. Dace to concurrent terms of 108 months' imprisonment on Counts One, Two, and Four, to run consecutively to a term of 60 months' imprisonment on Count Three. On appeal, Mr. Dace challenges the substantive reasonableness of his combined sentence of 14 years' imprisonment. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm Mr. Dace's sentence.

## I. BACKGROUND

On October 4, 2016, an officer of the Pueblo Police Department, while investigating a report of a suspicious vehicle, initiated a traffic stop of a vehicle in which Mr. Dace was a passenger. At the time of the traffic stop there was an outstanding warrant for Mr. Dace's arrest; thus Mr. Dace was taken into custody. A search of Mr. Dace's person uncovered $1,812.00 and a search of Mr. Dace's backpack yielded a Taurus, Model PT-738 TCP, .380 caliber semi-automatic pistol and several hundred clear plastic baggies. A consent search of the vehicle revealed items commonly associated with the sale of drugs, 331 grams of methamphetamine, and a Star Bonifacio Echeverria, Model Firestar, .45 caliber pistol. Mr. Dace admitted ownership of the methamphetamine and the firearms.

Mr. Dace was detained in the Pueblo County Jail. While detained, Mr. Dace contacted his mother and requested that she sell his remaining firearms. Police obtained a search warrant for Mr. Dace's mother's residence, the execution of which

yielded seven firearms. Mr. Dace, who was on probation at the time of the traffic stop, pleaded guilty to each of the four charges. A Presentence Investigation Report ("PSR") set Mr. Dace's total offense level at twenty-nine and placed Mr. Dace in criminal history category III, producing a Sentencing Guidelines range of 108 to 135 months' imprisonment on Counts One, Two, and Four. Based on the statutory construction of 18 U.S.C. § 924(c)(1)(A), the PSR recommended a sixty-month consecutive sentence on Count Three. Neither party objected to the Guidelines calculations in the PSR, and the district court adopted the calculations without modification.[1]

Mr. Dace moved for a downward variance, advocating for concurrent sixty-month sentences on Counts One, Two, and Four and a consecutive sixty-month sentence on Count Three. In support of his motion, Mr. Dace argued that the care he provided his grandmother, his loss of employment prior to his arrest, his parents' substance abuse issues, and the fact that he was not sentenced to prison following his state court conviction for drug possession with the intent to distribute all served as mitigating factors warranting a downward variance. At sentencing, the Government

---

[1] Arguably, the PSR, and in turn the district court, erred in establishing a Guidelines range of 108 to 135 months' imprisonment on Counts One and Four given that the statutory maximum penalty for a violation of 18 U.S.C. § 922(g)(1) is ten years, or 120 months. *See* 18 U.S.C. § 924(a)(2); *see generally*, U.S. Sentencing Guidelines Manual §§ 5G1.1, 5G1.2 (2016). Mr. Dace, however, does not contest this aspect of his sentencing proceeding. Nor would such a challenge have proved fruitful where any error did not impact the low-end of Mr. Dace's Guidelines range on those counts; the district court sentenced Mr. Dace at the low-end of the Guidelines range; and Count Two, which was grouped with Counts One and Four for purposes of calculating Mr. Dace's Guidelines range, carried a maximum penalty of forty years' imprisonment, *see* 21 U.S.C. § 841(b)(1)(B).

advocated for a low-end-of-the-Guidelines sentence, arguing, in part, that (1) the facts of Mr. Dace's current offenses were very similar to the facts of his state court offense such that a Guidelines sentence was necessary for specific deterrence purposes and (2) the seized drug quantity was significant and amounted to between 1,200 and 2,500 doses of methamphetamine.

The district court acknowledged the factors raised in Mr. Dace's motion for a downward variance but decided that other sentencing considerations weighed against a variance. Specifically, the court concluded that both the nature and circumstances of the offenses—the amount of methamphetamine and the combination of drugs and multiple firearms—and the history and characteristics of Mr. Dace—the similarity between his prior offense and the current offense suggested that Mr. Dace was not easily deterred—favored the imposition of within-Guidelines sentences. The district court also cited general deterrence as a basis for imposing within-Guidelines sentences. Weighing all the factors, the district court imposed bottom-of-the-Guidelines, concurrent sentences of 108 months on Counts One, Two, and Four, to all run consecutively to a mandatory-minimum, sixty-month sentence on Count Three. On appeal, Mr. Dace raises a single issue—whether the sentence imposed by the district court is substantively reasonable under the 18 U.S.C. § 3553(a) sentencing factors.

## II.    DISCUSSION

"Review for substantive reasonableness focuses on whether the length of sentence is reasonable given all the circumstances of the case in light of the factors

4

set forth in 18 U.S.C. § 3553(a)." *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009). "We review substantive reasonableness under the abuse-of-discretion standard, which requires us to give substantial deference to the district court." *United States v. Dahda*, 852 F.3d 1282, 1295 (10th Cir. 2017). "[A]s long as the balance struck by the district court among the factors set out in § 3553(a) is not arbitrary, capricious, or manifestly unreasonable, we must defer to that decision even if we would not have struck the same balance in the first instance." *United States v. Sells*, 541 F.3d 1227, 1239 (10th Cir. 2008). "[A] within-Guidelines sentence is entitled to a presumption of substantive reasonableness on appeal" and the burden is on defendant to rebut this presumption through reliance on the § 3553(a) factors. *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008).

Here, Mr. Dace neither overcomes the presumption of reasonableness that accompanies his within-Guidelines sentence nor demonstrates that the district court balanced the § 3553(a) factors in an arbitrary, capricious, or manifestly unreasonable manner. As the district court acknowledged, the circumstances of Mr. Dace's case presented competing interests under the § 3553(a) factors. And, the district court acted within its discretion when it determined that the seriousness of Mr. Dace's offenses, principles of general deterrence, and the potential impact of the drugs in Mr. Dace's possession on the community all supported sentencing Mr. Dace at the low-end of the Guidelines. *See* 18 U.S.C. §§ 3553(a)(1), (2)(A), (2)(B), (2)(C). Furthermore, as argued by Mr. Dace, it might have been reasonable for the district court to conclude that because Mr. Dace was not incarcerated following his state

5

court conviction a lesser sentence would have adequately deterred him. However, it was reasonable for the district court to reach the converse conclusion—that Mr. Dace's failure to learn from a virtually identical offense in spite of the leniency he received in state court indicated a longer sentence was necessary to adequately deter him from future crimes. The reasonableness of the district court's conclusion relative to specific deterrence is augmented given that Mr. Dace was on probation at the time of his current offenses. *See United States v. Martinez-Barragan*, 545 F.3d 894, 905 (10th Cir. 2008) (noting that it was reasonable for district court to conclude that defendant on probation at time of sentencing offense might be more likely to commit future crimes).

### III. CONCLUSION

The district court did not abuse its discretion when balancing the § 3553(a) factors and sentencing Mr. Dace at the bottom-of-the-Guidelines range based on Mr. Dace's characteristics, the nature and seriousness of his offenses, principles of general deterrence, and the need to protect the public. Accordingly, we AFFIRM the sentence imposed by the district court.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

6